# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| PAUL O'DEA,                       | ) |                              |
|                                   | ) |                              |
|    Petitioner,     | ) |                              |
|                                   | ) |                              |
|    v.              | ) | Civil Action No. 1:18CV11304 |
|                                   | ) |                              |
| TANIA ARRUDA,                     | ) |                              |
|                                   | ) |                              |
|    Respondent.     | ) |                              |

## ANSWER AND DEFENSES TO VERIFIED PETITION FOR RETURN OF MINOR CHILD TO PETITIONER

Respondent Tania Arruda ("Mother"), by her counsel Pollack Solomon Duffy LLP, for her Answer and Defenses to Verified Petition for Return of Minor Child to the Petitioner, states as follows:

1. Mother lacks sufficient information on which to form a belief as to the reasons why Petitioner brought this action. The remainder of the allegations in Paragraph 1 are denied.

2. Paragraph 2 contains legal conclusions as to which no response is required.

3. Paragraph 3 contains legal conclusions as to which no response is required.

4. Paragraph 4 contains legal conclusions as to which no response is required.

5. Admitted only that Mother and Child are residing in Massachusetts. The remaining allegations of Paragraph 5 contain legal conclusions as to which no response is required.

6. Admitted.

7. The first sentence of Paragraph 7 is admitted. Admitted that Petitioner was listed on Child's birth certificate as the father, but is unable to confirm the authenticity or accuracy of the document attached as Exhibit A, which otherwise speaks for itself. The remaining allegations of Paragraph 7 are denied.

8. Admitted.

9. Mother lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 or the authenticity or accuracy of the document attached as Exhibit B.

10. Paragraph 10 contains legal conclusions as to which no response is required. To the extent a response is required, the allegations of Paragraph 10 are denied.

11. Admitted that for a limited time period the Child attended Little Footsteps Castle Creevy and was cared for by Karen Gallegher, but denied as to the time periods alleged.

12. Denied.

13. Admitted that the parties met in February 2015 and that Mother informed Petitioner of the pregnancy in early June 2015. The remaining allegations of Paragraph 13 are denied.

14. Admitted that after the Child's birth, Mother was receiving certain Irish maternity and other benefits. Admitted that for a short time period, Petitioner would buy take-out food and groceries of insignificant value. The remaining allegations of Paragraph 14 are denied.

15. Admitted that Mother and Child had traveled to Mother's family home in Massachusetts and to Portugal. The remaining allegations of Paragraph 15 are denied.

16. Admitted that the parties' relationship ended by no later than early November 2016. The remaining allegations of Paragraph 16 are denied.

17. Mother lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17.

18. Mother lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first five sentences of Paragraph 18 or the authenticity or accuracy of the document attached as Exhibit C, which speaks for itself. The allegations in the last sentence of Paragraph 18 are denied.

19. Denied.

20. Mother lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20.

21. Admitted that Mother no longer has an Irish cell phone, but denied that Petitioner has been unable to contact Mother. Mother further admits that from time to time Petitioner sent mostly abusive and harassing messages through Viber to which Mother did not respond. The remaining characterizations of Paragraph 21 are denied.

22. Denied.

23. The allegations of Paragraph 23 contain legal conclusions as to which no response is required. To the extent a response is required, the allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 contain legal conclusions as to which no response is required. To the extent a response is required, the allegations of Paragraph 24 are denied.

25. The allegations of Paragraph 25 contain legal conclusions as to which no response is required. To the extent a response is required, the allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 contain legal conclusions as to which no response is required. To the extent a response is required, the allegations of Paragraph 26 are denied.

27. Admitted that Mother and Child are residing in Massachusetts. Otherwise, denied.

28. Admitted that the Child is two years old. The remaining allegations of Paragraph 28 contain legal conclusions to which no response is required.

29. The allegations of Paragraph 29 contain legal conclusions and requests for relief as to which no response is required. To the extent a response is required, the allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 contain requests for relief as to which no response is required.

31. Denied.

32. The allegations of Paragraph 32 contain requests for relief as to which no response is required.

33. Paragraph 33 does not contain allegations to which a response is required.

**DEFENSES**

1. The petition fails to state a claim under The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 T.I.A.S. No. 11,670 ("Hague Convention").

2. The petition must be denied because at all relevant times the Petitioner did not have custody rights over the Child within the meaning of the Hague Convention.

3. Alternatively, the petition must be denied because at all relevant times the Petitioner was not exercising his custody rights (if any) within the meaning of the Hague Convention.

4. The petition must be denied because returning the Child to Ireland would place the child at grave risk of physical or psychological harm or otherwise place the Child in an intolerable situation.

5. Mother reserves the right to raise additional defenses based on any newly discovered evidence or information.

**RELIEF REQUESTED**

WHEREFORE, the respondent, Tania Arruda, respectfully requests that the Court deny all of the relief sought in the Petition and grant such other and further relief in her favor as justice requires.

Respectfully submitted,

**/s/** Phillip Rakhunov
Barry S. Pollack (BBO #642064)
Peter J. Duffy (BBO #566682)
Phillip Rakhunov (BBO #663746)
POLLACK SOLOMON DUFFY LLP
101 Huntington Avenue, Suite 530
Boston MA 02199
(617) 439-9800
bpollack@psdfirm.com
pduffy@psdfirm.com
prakhunov@psdfirm.com

Dated: September 5, 2018

**Certificate of Service**

The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF on September 5, 2018.

/s/ Phillip Rakhunov